## BOWEN *v.* BULL.

*(Supreme Court, General Term, First Department. December 29, 1890.)*

ATTACHMENT—PROOF OF LEVY.

In an action claiming a seat or membership in a stock exchange, an unincorporated association, under a sale thereof on execution in a previous action, in which an attachment had been issued, and was alleged to have been levied thereon, the only evidence of such levy was the testimony of the attorney for plaintiff in such former action, that the attachment had been regularly levied, but as to the place and manner of making such levy his testimony was contradictory, and it appeared to be given as a conclusion, and not from recollection. *Held*, that it would not sustain a finding that there had been a levy, and a judgment for defendant should be affirmed.

Appeal from judgment on report of referee, New York county.

Action by Henry C. Bowen against William L. Bull, as president of the New York Stock Exchange. Plaintiff appeals from a judgment for defendant entered on the report of a referee.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Holt & Butler*, (George C. Holt, of counsel,) for appellant. *Carter & Ledyard*, (Lewis Cass Ledyard, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought against the New York Stock Exchange to recover damages for its refusal to recognize claimed rights of the plaintiff in a seat or membership in the exchange. The questions involved are whether a membership in a stock exchange is property capable of being attached and sold and applied to the payment of debts by creditors, and, secondly, if it is such property, whether there was any valid levy and sale of the seat in the open board of brokers which formed the foundation of the plaintiff's claim. It appeared that, in 1868, an action was commenced by Henry Fitch and Edward E. Bowen against John Perry, Jr., then a member of the open board of brokers. This board was an unincorporated association doing business similar to that of the New York Stock Exchange, and was, after the commencement of said action, consolidated with it. An attachment was issued against the property of Perry in the action above mentioned, and it is claimed that a levy was made upon the seat of the then defendant in the open board of brokers under the attachment. Judgment was entered by default, and execution issued, and thereupon the sheriff executed and delivered to the plain-

tiff in the present action a bill of sale of Perry's interest in such member-
ship. The only evidence of the attempted sale of this seat is contained in
the recitals of the bill of sale by the sheriff, no proof whatever upon the sub-
ject having been offered. And the only evidence of the levy of the attach-
ment offered was that of the attorney for the plaintiff in the action in which
the attachment was issued. His testimony utterly fails to establish any such
levy. All that he could swear to was the conclusion that the attachment had
been regularly levied. In one place he states the levy to have been made at
the office of the president of the open board of brokers, locating the office at
a place which was not the place of business of the board. He then defines
his idea of a regular levying of the attachment upon a share or seat of the
board in such a way that it makes it necessary that the levy should be made
in the board room of the board of open brokers. And the witness seems to
be equal to the occasion, and shifts his evidence to meet his definition. This
evidence was utterly unreliable. It was evident that the witness was swear-
ing to a conclusion, and had no recollection of the method of levying the at-
tachment, and did not know whether it was to be levied upon this prop-
erty as though it was a chattel capable of being touched, and taken possession
of, or whether it was to be levied upon as though it was a share of stock
in an association. His testimony evidently was intended to meet either horn
of the dilemma. We think the referee would not have been justified by such
evidence in finding that there had been any levy of this attachment. This is
the foundation of the plaintiff's claim, and without considering other ques-
tions which may be presented by the record, we think for this reason alone if
for no other the report of the referee should be confirmed. Judgment af-
firmed with costs. All concur.